**UNITED STATES BANKRUPTCY COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>AFFINITY INTEGRATED HEALTH S.C.,<br><br>Debtor. | ) <br> ) Case No.: 24-09010<br> )<br> ) Chapter 11<br> )<br> ) Hon. Donald R. Cassling<br> )<br> ) |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that, on Tuesday, July 2, 2024, at 9:30 a.m., I will appear before the Honorable Donald R. Cassling, or any judge sitting in that judge's place, either in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or electronically as described below, and present the **Debtor's Motion to Use Existing Bank Accounts and for Related Relief**, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

You may appear electronically by video or by telephone.

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password.**  The meeting ID for this hearing is 161 414 7941 and the password is 619.  The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: June 25, 2024

Respectfully submitted,

**AFFINITY INTEGRATED HEALTHCARE S.C.**

By: /s/ Blair R. Zanzig
      (one of his proposed attorneys)

Blair R. Zanzig (No. 6273293)
John F. Hiltz (No. 6289744)
**LEIBOWITZ HILTZ & ZANZIG LLC**
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
bzanzig@lakelaw.com

*Proposed Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>AFFINITY INTEGRATED HEALTH S.C.,<br><br>Debtor. | ) <br> ) Case No.: 24-09010 <br> ) <br> ) Chapter 11 <br> ) <br> ) Hon. Donald R. Cassling <br> ) <br> ) |

**DEBTOR'S MOTION FOR AUTHORITY TO USE
EXISTING BANK ACCOUNTS AND FOR RELATED RELIEF**

Affinity Integrated Health S.C. ("Debtor"), pursuant to 11 U.S.C. §§ 105, 345 and 363, moves this Court for the entry of an order (the "Motion") authorizing the (i) maintenance of the Debtor's existing bank accounts, (ii) continued use of its existing cash management systems, (iii) continued use of its existing business forms, and (iv) deeming satisfied or otherwise excusing the investment and deposit requirements imposed by 11 U.S.C. § 345(b) for cause. In support of the Motion, the Debtor states as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.     The Debtor is an Illinois corporation providing multidisciplinary health services targeted at non-surgical pain relief including chiropractic examination, diagnosis, and treatment.

3.     Debtor filed a petition for relief under chapter 11 subchapter V of title 11 of the United States Code (the "Bankruptcy Code") on June 19, 2024 ("Petition Date"). Debtor

continues to operate and manage its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

### A. The Bank Accounts

4.     Prior to the Petition Date, the Debtor maintained business checking bank accounts (collectively, the "Bank Accounts") in the ordinary course of business at PNC Bank, N.A. ("PNC") and CIBC f/k/a The PrivateBank (collectively, the "Banks").

5.     The Debtor requests permission to maintain the Bank Accounts notwithstanding the United States Trustee's requirement that existing bank accounts be closed and new post-petition bank accounts be opened. If enforced in this case, such requirements would impose an unnecessary administrative burden on the Debtor.

6.     In particular, as a medical practice, Debtor receives a substantial portion of its income through health insurance reimbursements from Blue Cross and Blue Shieldd. Blue Cross and Blue Shield electronically deposit such reimbursements directly into the PNC account. Setting up a new account to receive such reimbursements would impose substantial administrative burdens on Debtor and risk interruption of the smooth collection of Debtor's healthcare receivables. Neither the administrative burdens or the risk to Debtor's liquidity that changing bank accounts would provide material benefit to the Debtor's bankruptcy estate to warrant such additional costs.

7.     Furthermore, both PNC and CIBC are a nationally recognized, large banking institutions with FDIC insurance (up to an applicable limit per account) that is already on the United States Trustee's list of approved depository institutions for this district.

2

8. To avoid delays in postpetition payments and to ensure minimally disruptive transition into chapter 11, Debtor respectfully asks that it be permitted to continue to maintain its existing Bank Accounts. Subject to a prohibition against honoring prepetition checks without specific authorization from this Court, the Debtor requests that the Bank Accounts be deemed debtor-in-possession accounts and that their maintenance and continued use, in the same manner and with the same account numbers, styles, and document forms as those employed during the prepetition period, be authorized.

**B. Cash Management System**

9. To use the property of its estate and to ensure an orderly transition into chapter 11, the Debtor also requests authority to continue to use its existing cash management system as it may be modified as required by the Debtor in the exercise of its business judgment. The Debtor's cash management system allows the Debtor to manage all of its cash flow needs and includes the necessary account mechanisms to enable the Debtor to ensure that all transactions are adequately documented. Thus, the Debtor will continue to maintain detailed records reflecting all transfers of funds.

10. A requirement that the Debtor adopt new, segmented cash management systems would incur otherwise unnecessary expenses, would create unnecessary administrative problems, and ultimately would be more disruptive than productive. Maintenance of the existing cash management system during this initial phase of the case is in the best interests of all creditors and other parties in interest.

11. Accordingly, the Debtor requests PNC and CIBC each be authorized to continue to administer the respective Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, drafts,

3

wires, or other transfers issued on the Accounts on account of any claims arising on or after the Petition Date so long as sufficient funds are in the Accounts.

12. To effectuate the foregoing, the Debtor requests that (a) the Banks be authorized and directed to honor all representations from the Debtor as to which checks should be honored or dishonored and (b) any final payment made by the Banks prior to the Petition Date against the Account, or any instrument issued by the Banks on behalf of the Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Accounts prepetition. To the extent that the Debtor directed that any prepetition checks be dishonored, the Debtor reserves the right to issue replacement checks to pay the amounts related to such dishonored checks, consistent with any applicable orders of this Court.

13. The Debtor represents that if the relief requested in this motion is granted, it will not pay, and the Banks will be directed not to pay, any debts incurred before the Petition Date, except to the extent that the Court may authorize the payment of such debts.

### C. Business Forms and Checks

14. To minimize disruption to its operations and avoid unnecessary expenses, the Debtor also requests that it be authorized to continue to use all correspondence, business forms and checks existing immediately prior to the Petition Date without reference to the Debtor's status as a debtor-in-possession.

15. Changing correspondence and business forms would be expensive, unnecessary, and burdensome to the Debtor's estate. Moreover, not only would such change be disruptive to its business operations, such a change would not confer any benefit upon those dealing with the Debtor. *See, e.g., In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995)

4

16. For these reasons, the Debtor requests that it be authorized to use existing checks and business forms without being required to place the label "Debtor-in-Possession" on each.

### D. Debtor's Compliance with Investment and Deposit Guidelines

17. Section 345(a) authorizes deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).

18. Debtor submits that its deposits comport with the approved investment practices identified in Section 345(a). Indeed, as noted above, the Bank Accounts are with two large national institutions that are both FDIC insured and an designated as authorized depositories by the United States Trustee for the Northern District of Illinois as of April 2024.

19. Accordingly, the Debtor respectfully requests authority to invest and deposit funds in a safe and prudent manner in accordance with its existing cash management system and investment guidelines.

### NOTICE

The Debtor has sent at least seven (7) days' written notice of this Motion to the United States Trustee, the Subchapter V Trustee and all parties requesting notice of pleadings by CM/ECF. The Debtor submits that no other or further notice need be provided under the circumstances.

**WHEREFORE**, Debtor Affinity Integrated Healthcare LLC, respectfully requests that the Court enter an order authorizing the (i) maintenance of the Debtor's existing bank accounts, (ii) continued use of its existing cash management systems, (iii) continued use of its existing business forms, (iv) deeming the investment and deposit requirements imposed by 11 U.S.C. §

345(b) satisfied or otherwise waived for cause, and (v) granting such other and further relief as this Court deems just.

Dated: June 25, 2024

Respectfully submitted,

**AFFINITY INTEGRATED HEALTHCARE S.C.**

By: /s/ Blair R. Zanzig
    (one of his proposed attorneys)

Blair R. Zanzig (No. 6273293)
John F. Hiltz (No. 6289744)
**LEIBOWITZ HILTZ & ZANZIG LLC**
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
bzanzig@lakelaw.com

*Proposed Counsel for Debtor*

## CERTIFICATE OF SERVICE

      I, Blair R. Zanzig, an attorney, hereby certify that, on the 25th day of June 2024, I caused a true and correct copy of the foregoing **Notice of Motion** and attached **Debtor's Motion for Authority to Use Existing Bank Accounts and for Related Relief** to be served on all parties requesting service via the Court's CM/ECF system and the following by the indicated means:

**VIA CM/ECF:**

Patrick S Layng, USTPRegion11.ES.ECF@usdoj.gov

William B Avellone
bill.avellone@charteredmgt.com, I008@ecfcbis.com

                                                                /s/ Blair R. Zanzig