UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:    24-09010 |
| AFFINITY INTEGRATED | ) | |
| HEALTHCARE S.C., | ) | Chapter: 11 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER AUTHORIZING USE OF EXISTING BANK ACCOUNTS AND RELATED RELIEF**

This matter coming to the Court on Debtor Affinity Integrated Healthcare S.C.'s ("Debtor") Motion for Authority to Use Existing Bank Accounts and Related Relief (the "Motion"); it is hereby ORDERED:

1. Pursuant to 11 U.S.C. §§ 345(b) and 363(b), the Debtor is authorized to (i) maintain its existing checking accounts (the "Bank Accounts") at PNC Bank and CIBC (the "Banks") in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date; and (ii) continue using its existing cash management system as the Debtor exercising its business judgment, may modify such system.

2. Those pre-petition agreements that governed the relationship between the Debtor and each of the Banks (the "Pre-Petition Agreements") shall continue to govern their post-petition banking relationship, including applicable termination, fee provisions, and all remedies afforded under such agreements, unless the Debtor and the Banks agree otherwise.  Any other legal rights and remedies afforded to the Banks shall be preserved.

3.  The Banks are therefore authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts in the ordinary course without further interruption, including receiving, processing, honoring, and paying, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, and other electronic transfers of any kind issued and drawn on the Bank Accounts after the Petition Date.

4. The Banks are authorized, without further order of the Court, to deduct the applicable fees and expenses according to the terms of the Pre-petition Agreements, whether arising pre-petition or post-petition, from the appropriate Bank Account.  Likewise, pursuant to the terms of the Pre-Petition Agreements, the Banks are authorized to charge back to, and take and apply reserves from, the Bank Accounts resulting from returned checks or other returned items, regardless of whether such items were deposited or transferred prepetition or post-petition.

5. The Banks are authorized to receive, process, honor, and pay all checks, wire transfers, credit card, and ACH payments and other instructions, as well as drafts payable through, or drawn on, the Bank Accounts after the petition date.  Without limiting the foregoing, the Banks may assume that any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order unless otherwise specifically advised by the Debtor in writing and as otherwise required in the Pre-Petition Agreements.  The Debtor in turn is directed to take the necessary

steps pursuant to the Pre-Petition Agreements to cancel all transactions that would pay a pre-petitioner debt.  The Banks shall not have any liability to any party for relying on representations by the Debtor as provided for herein.

   6. Notwithstanding any other provision of this Order, the Banks shall not be deemed to be, nor shall be liable to, the Debtor or its bankruptcy estate or otherwise be deemed in violation of this Order if the Banks honors a prepetition check or other item drawn on the Bank Accounts: (a) at the direction of the Debtor, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made while using customary handling procedures.

   7. Debtor shall not permit the balance in the Bank Accounts to exceed applicable FDIC insurance limits.

Enter: *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated:  July 09, 2024

**Prepared by:**

Blair Zanzig (No. 6273293)
LEIBOWITZ, HILTZ & ZANZIG LLC
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
bzanzig@lakelaw.com